MR. GERALD K. ANDERSON, District Attorney, Waupaca County
You request my opinion whether a town sanitary district organized under secs. 60.30-60.309, Stats., has power to levy special assessments against county-owned park lands located within the district.
For the purposes of this opinion, it is assumed that the special assessment involved is for a local improvement which benefits the properties in the town sanitary district in different degrees.
I am of the opinion that it can.
The authority of a town sanitary district was set forth inDuncan Develop. Corp. v. Crestview San. Dist. (1964), 22 Wis.2d 258,263-264, 125 N.W.2d 617, wherein it was stated:
 "A town sanitary district for the purpose of carrying out and performing its duties in addition to the powers given in sec. 60.307, Stats., may levy special assessments `for any improvement within the limits of a sanitary district.' Sec. 60.309. If this method of financing is used, sec. 60.309 (1) (b) provides the commissioners `shall then examine the entire area to be improved and severally and separately consider each parcel of real estate therein and determine the benefits to each of said parcels and make assessments thereagainst in an aggregate amount equal to the determined cost of the work to be done. . . .' The assessments are made in accordance with sec. 66.60 relating to special assessments by cities and villages. This latter section provides a city or village may levy `special assessments upon property in a limited and determinable area for special benefits conferred upon such property by any municipal work or improvement,' but the *Page 207 
amount assessed against any property for an improvement `which does not represent an exercise of the police power shall not exceed the value of the benefits accruing to the property therefrom.'" (Emphasis added.)
Section 60.309 (1) (b), Stats., provides that ". . . Such assessments shall be made in accordance with s. 66.60." Neither sec. 60.309, Stats., nor sec. 66.60, Stats., expressly include provision regulating the liability of another governmental unit for such assessments. However, because local improvements are involved, Duncan Develop. Corp. v. Crestview San. Dist., supra, I am of the opinion that the provisions of sec. 66.64, Stats., apply to a special assessment made by a town sanitary district under secs. 60.309, 66.60, Stats.
Section 66.64, Stats., provides in material part:
 "Special assessments for local improvements. The property of the state, except that held for highway right of way purposes, and the property of every county, city, village, town, school district, sewerage district or commission, sanitary or water district or commission, or any public board or commission within this state, and of every corporation, company or individual operating any railroad or street railway, telegraph, telephone, electric light or power system, or doing any of the business mentioned in ch. 76, and of every other corporation or company whatever, shall be in all respects subject to all special assessments for local improvements. Certificates and improvement bonds therefor may be issued and the lien thereof enforced against such property, except property of the state, in the same manner and to the same extent as the property of individuals. . . ." (Emphasis added.)
BCL:RJV *Page 208